**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-1030**

_____

IBERLY FELIX VALDIVIA,

                    Petitioner,

          v.

LORETTA E. LYNCH, Attorney General,

                    Respondent.

_____

On Petition for Review of an Order of the Board of Immigration
Appeals.

_____

Submitted:  July 16, 2015              Decided:  August 12, 2015

_____

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Rachel S. Ullman, THE LAW OFFICE OF RACHEL S. ULLMAN, PC,
Rockville, Maryland, for Petitioner.   Benjamin C. Mizer,
Principal Deputy Assistant Attorney General, Terri J. Scadron,
Assistant Director, Anthony W. Norwood, Senior Litigation
Counsel, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Iberly Felix Valdivia, a native and citizen of Peru, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's ("IJ") decision finding that he was statutorily ineligible for adjustment of status. We deny the petition for review.

An applicant for relief from removal bears the burden of establishing his eligibility for relief. 8 C.F.R. § 1240.8(d) (2015); Quitanilla v. Holder, 758 F.3d 570, 579 (4th Cir. 2014). In an adjustment of status case, the alien must show "clearly and beyond doubt [that he is] entitled to be admitted and is not inadmissible under [8 U.S.C.] section 1182." 8 U.S.C. § 1229a(c)(2)(A) (2012); see Dakura v. Holder, 772 F.3d 994, 998 (4th Cir. 2014). We review legal issues de novo, "affording appropriate deference to the [Board's] interpretation of the [Immigration and Nationality Act] and any attendant regulations." Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B) (2012). We defer to the agency's factual findings under the substantial evidence rule. Anim v. Mukasey, 535 F.3d 243, 252 (4th Cir. 2008). Here, because the Board did not expressly adopt the IJ's

2

opinion, our review is limited to the Board's order. Martinez v. Holder, 740 F.3d 902, 908 & n.1 (4th Cir. 2014).

We conclude that substantial evidence supports the finding that Valdivia began to accrue unlawful status on January 22, 2001, and therefore conclude that Valdivia did not meet his burden of showing he was not inadmissible. Finally, Valdivia has failed to show that he was unfairly prejudiced by the IJ's evidentiary decisions and denied his right to due process. Anim, 535 F.3d at 256.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED

3